John Robert JONES, Plaintiff—
Appellant,

v.

Brett SHIELDS; Sharon Carter; Douglas Crawford; J. Dillon; Lloyd D. George, Judge; C. Marlahan; David Pancoast; Urich Smith; United States of America, Defendants—Appellees.

No. 04–15189.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2004.*

Decided July 21, 2004.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

**726**

John Robert Jones, Fort Worth, TX, pro se.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## MEMORANDUM \*\*

Federal inmate John Robert Jones appeals the dismissal of his amended complaint alleging civil rights claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Federal Tort Claims Act ("FTCA"), 18 U.S.C. § 3006A, and 18 U.S.C. § 2520. The district court dismissed his amended complaint pursuant to 28 U.S.C. § 1915A. We have jurisdiction pursuant to 28 U.S.C. § 1292, and we affirm.

We review a district court's decision to dismiss pursuant to § 1915A de novo. *Ramirez v. Galaza*, 334 F.3d 850, 853 (9th Cir.2003). *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), states:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486–87. *Heck's* requirements apply equally to suits brought under *Bivens. See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir.1996).

■ Jones alleges that the evidence used against him at trial was unconstitutionally seized. This claim implicates the validity of his conviction, and Jones has not proven that his conviction was reversed, expunged, or otherwise called into question. Accordingly, it is barred by

*Heck. See Harvey v. Waldron,* 210 F.3d 1008, 1015 (9th Cir.2000) (stating that a " § 1983 action alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned"). Similarly, because Jones's Sixth Amendment ineffective assistance of counsel claims against his appointed attorneys would imply the invalidity of his criminal conviction, they are not presently cognizable under *Heck. See Trimble v. Santa Rosa,* 49 F.3d 583, 585 (9th Cir.1995) (per curiam).

 Jones's alleges in his FTCA claim that the defendants acted negligently and unconstitutionally in bringing about his conviction. The time of accrual for claims brought under the FTCA is "subject to the federal law set out in *Heck." Erlin v. United States,* 364 F.3d 1127, 1132–33 (9th Cir.2004). Jones's FTCA claims, then, are also barred under *Heck. See id.* Furthermore, judicial absolute immunity precludes Jones's *Bivens* and FTCA claims against District Judge Lloyd D. George for alleged violations of Jones's Fifth Amendment due process rights during his trial. *See Harvey,* 210 F.3d at 1012.

Jones asserts an unspecified 18 U.S.C. § 3006A claim against his appointed attorneys. Section 3006A concerns appointment of counsel for financially eligible individuals in criminal cases; it makes no mention of claims for ineffective assistance of counsel. Thus, Jones cannot bring an action for damages under § 3006A, and the district court properly dismissed the § 3006A claim.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Finally, Jones asserts a claim against the FBI agents pursuant to 18 U.S.C. § 2520 for illegally taping a conversation that was admitted into evidence at his criminal trial. Such actions, however, are time-barred if "commenced later than two years after the date upon which the claimant first has a reasonable opportunity to discover the violation." 18 U.S.C. § 2520(e). Because Jones had a reasonable opportunity to discover the alleged violation during his criminal trial in September 1997, but did not assert his § 2520 claim until Oct. 22, 2003, that claim is time-barred. *See* 18 U.S.C. § 2520(e).

**AFFIRMED.**