Delbert R. DIMICK, Plaintiff–
Appellant/Cross–Appellee,

v.

Joseph P. DONAHUE, an individual,
Defendant–Appellee/Cross–
Appellant.

Nos. 04–55461, 04–55473, 04–55546.

D.C. No. CV 01–00680–CJC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 2005.

Decided Jan. 30, 2006.

Richard K. Howell, Rutan & Tucker, Costa Mesa, CA, for Plaintiff–Appellant.

Jeffrey Willis, Snell & Wilmer, LLP, Tucson, AZ, for Defendant–Appellee.

Before RYMER and WARDLAW, Circuit Judges, and REED,* Senior District Judge.

MEMORANDUM**

Delbert R. Dimick appeals the judgment in his action for breach of fiduciary duty and conversion against Joseph P. Donahue, arguing that the district court erred in calculating damages. Donahue cross-appeals on the footing that Dimick's claims were asserted too late. We affirm.

---

* Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

## I

■ None of Donahue's arguments for why Dimick's claims are untimely is persuasive. The court did not clearly err in finding that Dimick's claims did not accrue on January 30, 1996, or that he should have known of his cause of action by then. *See Erlin v. United States,* 364 F.3d 1127, 1130 (9th Cir.2004) (noting that whether a reasonable person should have known that he had been harmed is reviewed for clear error). Nor did the court abuse its discretion in declining to bar Dimick's action on equitable grounds: by leaving Polyscan, Dimick did not breach a duty of loyalty that affected Donahue's duty to him as a shareholder, and Dimick did not unduly delay in bringing suit once he learned about the Etec transaction. Finally, Donahue's waiver theory fails because Dimick did nothing to secrete himself and Donahue knew where he was. *Cf. Washington ex rel. Burton v. Leyser,* 196 Cal.App.3d 451, 241 Cal.Rptr. 812 (Cal.Ct.App.1987).

## II

■ *Jones v. H.F. Ahmanson & Co.,* 1 Cal.3d 93, 81 Cal.Rptr. 592, 460 P.2d 464 (1969), upon which Dimick relies, does not compel a different damages calculation given the district court's findings, which we are not firmly convinced are incorrect, that Dimick chose to part company with Polyscan's Arizona venture; that Donahue would not have allocated Etec shares to Dimick in the circumstances; and that the value of Dimick's interest could be fairly compensated based on the fair market value of the shares as of the date of the Etec transaction. *See Lentini v. Cal. Ctr. for the Arts, Escondido,* 370 F.3d 837, 843 (9th Cir.2004) (indicating that damage calculations are reviewed for clear error); *see also Labor/Cmty. Strategy Ctr. v. Los Angeles County Metro. Transp. Auth.,* 263 F.3d 1041, 1048 (9th Cir.2001) ("A federal court enjoys broad equitable powers; its choice of equitable remedies is reviewed for an abuse of discretion."). In this context, the court's observation that valuing Dimick's interest as of the date of the action would be speculative, and in effect create a windfall, does not run afoul of *Ahmanson.*

While the court no doubt *could* have determined that some other figure better accounted for the lock-up provisions or the fluctuating market value of Etec stock, it was not *obliged* to. Similarly, while the court *might* have decided to impose a constructive trust, it was not *required* to in light of the equities. *See Lund v. Albrecht,* 936 F.2d 459, 464 (9th Cir.1991) (indicating that a constructive trust that disgorges the wrongdoer's profits is an "available" remedy).

Neither can we say that the award was legally insufficient as a remedy for conversion. As the district court explained, the fair market value of Dimick's shares as of the date of conversion—a value on which both parties' experts agreed—compensated Dimick for the detriment suffered because damages in that amount indemnified him for unavoidable loss. *See* CAL. CIV. CODE § 3336 (providing "[t]he value of the property at the time of conversion, with the interest from that time" or "an amount sufficient to indemnify the party injured" for the unavoidable loss caused by the conversion as remedies for conversion). Absent compelling evidence of what Dimick would have done with his stock, it was not clearly erroneous to fix its worth as of the date of conversion. *Cf. Betzer v. Olney,* 14 Cal.App.2d 53, 61, 57 P.2d 1376 (1936) (holding that it was manifestly unjust to use the date of conversion to calculate damages where the plaintiff did not desire to sell his stock).

AFFIRMED.

REED, District Judge, concurring in part and dissenting in part.

I concur in the conclusions of Part I of the memorandum disposition affirming the timeliness of Dimick's suit.

However, as to Part II, I question whether the amount of damages awarded by the district court adequately compensates Dimick for the wrongs he suffered from Donahue's breach of fiduciary duty, and I respectfully dissent from the majority. I conclude that the district court misapplied the law involving damages calculations, the choice of which we review *de novo*. *See Gayle Mfg. Co., Inc., v. Fed. Sav. & Loan Ins. Corp.*, 910 F.2d 574, 578 (9th Cir.1990). Furthermore, because the district court misapplied the law, the district court's calculation of damages presents clear error and its decision not to impose a constructive trust constitutes an abuse of discretion.

The district court stated that it chose to not base its damages calculation on the time of filing because doing so would have required "impermissible speculation and conjecture" as to when Dimick would have actually sold his stock and what the resulting amount would be. This statement indicates a misapplication of the doctrine of speculation. As stated by the California Supreme Court, the law which we apply in this diversity suit,

> [a]lthough evidence to establish profits must not be uncertain or speculative, "[t]his rule does not apply to uncertainty as to the amount of the profits which would have been derived, but to uncertainty or speculation as to whether the loss of profits was the result of the wrong and whether any such profits would have been derived at all."

*Myers v. Stephens*, 233 Cal.App.2d 104, 43 Cal.Rptr. 420, 431 (1965) (quoting *Continental Car–Na–Var Corp. v. Moseley*, 141 P.2d 59, 64 (Cal.1943) (punctuation altered)). To the extent that the district court's determination was influenced by a desire to avoid speculation in the amount of profits, that was error.

In addition, while I agree that a constructive trust to disgorge profits is merely an available equitable remedy, the district court appears to have misapplied the law in considering an equitable trust. The district court distinguished the instant case from cases which imposed constructive trusts by finding that those cases involved "malicious, willful breach[es]," whereas, here, Donahue did not wear "a black hat." I find such a distinction to be without merit. California caselaw does not provide for degrees of maliciousness once a breach of trust has been found. A breach of trust indicates bad faith *per se*. *See Bennett v. Hibernia Bank*, 47 Cal.2d 540, 305 P.2d 20, 34 (1956) ("Since a fiduciary has a duty to make a full disclosure of facts which materially affect the rights of the parties, it seems obvious that any act by him amounting to a conversion of trust property is akin to a fraudulent concealment."). While the ultimate imposition of a constructive trust is subject to the district court's discretion, once the district court had found that Donahue had breached Dimick's trust, it must have also found as a matter of law that the breach constituted bad faith and that any profits Donahue gained through the breach constituted unjust enrichment.

Thus, in misapplying the legal doctrines of speculation and constructive trust in its determination of damages and its consideration of equitable remedies, the district court clearly erred in the calculation of those damages, and its failure to properly consider the equitable remedy of constructive trust constituted an abuse of discre-

tion. I would remand for reconsideration of these issues.