MEMORANDUM **
Tulsie and Yasmine Issurdutt appeal from the district court’s dismissal of their amended diversity complaint on statute-of-limitations grounds. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
Because the accrual date of the Issurdutts’ claims “turns in part on what a reasonable person knew or should have known .... the question is a mixed question of law and fact, which we review for clear error.” Erlin v. United States, 364 F.3d 1127, 1130 (9th Cir.2004); see Orr v. Bank of Am., 285 F.3d 764, 780 (9th Cir. 2002) (under Nevada law, whether a plaintiff should have discovered her injury by reasonable diligence is a question of fact). The district court found that the accrual date was between 1995 and 1997, when the Issurdutts were warning Japan Airlines (JAL) against negotiating with their associate David Namer, with whom they were struggling over control of Tri Star Airlines. The court concluded that the Issur *844 dutts had ample reason to investigate Namer’s involvement long before they contacted JAL in 2002, and that even the longest statute of limitations (six years) had expired when they filed this lawsuit in 2004. This conclusion is supported by the pleadings and the evidence, and we cannot say that we have a firm conviction that the district court made a mistake.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9 th Cir. R. 36-3.