**Melvin BURRUS, Plaintiff—Appellant,**

v.

**CITY OF LOS ANGELES; et al.,
Defendants—Appellees.**

No. 04–55358.

United States Court of Appeals,
Ninth Circuit.

Submitted May 8, 2006.*

Filed Aug. 16, 2006.

Melvin Burrus, Tokyo, Japan, pro se.

Steven D. Blades, Esq., Manning & Marder et al., LLP, Katherine J. Hamilton, Esq., Rockard J. Delgadillo, Esq., Lillie Hsu, Esq., Greines Martin Stein & Richland, Los Angeles, CA, for Defendants–Appellees.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

Melvin Burrus appeals pro se from the dismissal of his claims against a physician who examined him in the Los Angeles County jail, and the jury verdict in favor of the City of Los Angeles, in his 42 U.S.C. § 1983 action alleging that he was arrested without probable cause and injured by substandard medical care while incarcerated. We affirm.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

We review de novo the dismissal on statute of limitations grounds of Burrus' negligence and malpractice claims against Dr. Saddler. *See Erlin v. United States,* 364 F.3d 1127, 1130 (9th Cir.2004). Burrus' state law claims were subject to California Code of Civil Procedure § 340.5, which requires that a plaintiff file his complaint *both* within three years of injury *and* within one year after he discovered, or should have discovered, the injury. *See Hills v. Aronsohn,* 152 Cal.App.3d 753, 199 Cal.Rptr. 816, 819 (1984). Burrus filed administrative claims with the County over two years before he filed his federal lawsuit. His filing of the administrative claims establish that he had the requisite suspicion of injury and wrongdoing, and the statute of limitations began to run when he filed his claims on January 18, 2000. *See Kleefeld v. Superior Ct.,* 25 Cal.App.4th 1680, 31 Cal.Rptr.2d 12, 14 (1994). Thus, he did not file his claim within one year after he discovered his injury.

Burrus did not include a trial transcript in the record on appeal, as required by Rule 10(b)(2) of the Federal Rules of Appellate Procedure. We cannot judge the validity of any of his claims of error in the trial against the City of Los Angeles without the transcript. "When an appellant fails to supply a transcript of a district court proceeding, we may dismiss the appellant's appeal or refuse to consider the appellant's argument." *Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc.,* 877 F.2d 787, 789 (9th Cir.1989) (pro se appellants); *see Syncom Capital Corp. v. Wade,* 924 F.2d 167, 169 (9th Cir.1991) (dismissing appeal of pro se appellant who did not provide trial tran-

script). We dismiss Burrus' claims on appeal related to the trial against the City.

We also deny Burrus' motion to include a cassette tape as part of the record on appeal.

AFFIRMED IN PART AND DISMISSED IN PART.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.