**Anthony FEURTADO, Plaintiff–Appellant,**

v.

**DUNIVANT, U.S. Marshall; et al., Defendants–Appellees.**

No. 06–56496.

United States Court of Appeals, Ninth Circuit.

Submitted June 4, 2007 *.

Filed June 12, 2007.

Anthony Feurtado, White Deer, PA, pro se.

Office of the U.S. Attorney Civil & Tax Divisions, Stephen B. Sadowsky, Esq., Lightfoot Vandevelde Sadowsky & Levine LLP, Los Angeles, CA, Robert I. Lester, Esq., for Defendants–Appellees.

Before: LEAVY, RYMER and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Appellant Anthony Feurtado appeals from the district court's dismissal of his case. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In a response to this court's order to show cause, appellant purports to raise claims under the Federal Tort Claims Act ("FTCA"). Two-year statutes of limitations govern these claims. *See* 28 U.S.C. § 2401(b). FTCA claims accrue as a matter of federal law "when a plaintiff knows that he has been injured and who has inflicted the injury." *Winter v. United States,* 244 F.3d 1088, 1090 (9th Cir.2001).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Appellant states that his action is predicated on his being wrongfully arrested, detained and transferred from California to South Carolina. False arrest claims require "detention without legal process" and accrue once legal process is initiated. *Wallace v. Kato,* —— U.S. ——, 127 S.Ct. 1091, 1095, 1096, 166 L.Ed.2d 973 (2007). Even assuming that appellant was initially detained without legal process, his claim accrued at the latest when appellant was reindicted on April 3, 1996. Appellant presented his FTCA claims in 2004, and thus his claims are barred by the two-year statute of limitations. *See* 28 U.S.C. § 2401(b).

To the extent appellant alleges an FTCA cause of action for wrongful imprisonment or other torts flowing from his detention and transfer to South Carolina, such an action does not accrue "until the prisoner has established, in a direct or collateral attack on his imprisonment, that he is entitled to release from custody." *Erlin v. United States,* 364 F.3d 1127, 1133 (9th Cir.2004). Because appellant failed to establish that he is entitled to release, the district court therefore correctly dismissed the action for failure to state a claim.

Accordingly, the court summarily affirms the appeal because the questions raised in the appeal are so in substantial as not to warrant further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

**AFFIRMED.**