**Stephen MITCHELL, Plaintiff— Appellant,**

v.

**Dr. Harold NEMETZ et al., Defendants,**

and

**United States of America, Defendant—Appellee.**

No. 08–16343.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 10, 2009.*

Filed Dec. 14, 2009.

Ferman W. Sims, Law Offices, Crescent City, CA, for Plaintiff–Appellant.

Melissa Katherine Brown, Assistant U.S., Office of the U.S. Attorney, San Francisco, CA, for Defendant–Appellee.

Before: TASHIMA, GRABER, and BYBEE, Circuit Judges.

### MEMORANDUM **

Plaintiff appeals (1) the dismissal of his Federal Tort Claims Act ("FTCA") suit for lack of subject-matter jurisdiction and (2) the denial of leave to file a motion for

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

reconsideration of the dismissal. Reviewing the dismissal de novo, *Erlin v. United States*, 364 F.3d 1127, 1130 (9th Cir.2004), and the denial of leave for abuse of discretion, *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir.2009), we affirm.

Plaintiff's claim accrued no later than September 14, 2004. His counsel's letter of that date demonstrated unequivocally that Plaintiff knew of "both his injury and its cause." *United States v. Kubrick*, 444 U.S. 111, 120, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). He may have lacked conclusive evidence to prove his claim at that time, but his position was analogous to that of any plaintiff who knows of an injury, but lacks sufficient evidence that it was negligently inflicted. *Kubrick* instructs that the statute of limitations nevertheless begins to run for such a plaintiff. *Id.* at 124, 100 S.Ct. 352. Because Plaintiff's claim accrued by September 14, 2004, and he did not file an administrative claim until 2007, the two-year statute of limitations contained in the FTCA bars his suit. 28 U.S.C. § 2401(b).

The statute of limitations was not tolled by the alleged fraudulent concealment. Plaintiff had actual knowledge of his injury by September 14, 2004, even if the dentists did not provide his dental records to him on request. *Grimmett v. Brown*, 75 F.3d 506, 514 (9th Cir.1996).

AFFIRMED.