[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 6, 2010
JOHN LEY
CLERK

_____

No. 09-11315

_____

D. C. Docket No. 07-00023-CV-HLM-4

ANTHONY MORROW,

Plaintiff-Appellant,

versus

FEDERAL BUREAU OF PRISONS,
an agency of the United States of America,

Defendant,

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 6, 2010)

Before EDMONDSON, CARNES and ANDERSON, Circuit Judges.

EDMONDSON, Circuit Judge:

In this case, a convicted felon who was imprisoned for his crime -- but is now free -- has brought a Federal Tort Claims Act ("FTCA") action seeking damages for about ten days of allegedly unjustified incarceration beyond the end of his lawful sentence. He says this extra imprisonment results from a miscalculation by the Bureau of Prisons ("Bureau") that flowed from the Bureau's putting down the wrong date as the start date of his incarceration and says that he did not know of this error until two days before his release. Most important, Plaintiff does not attack his underlying conviction. And Plaintiff does not attack his sentence, that is, the term of incarceration ordered by the court when he was convicted. In his suit, he focuses on the period of supposedly wrongful confinement that he says was caused by a Bureau employee's entering the incorrect start date.

The district court concluded that this action was barred by Heck v. Humphrey, 114 S. Ct. 2364 (1994). Briefly stated, Heck decided that a 42 U.S.C. § 1983 civil rights claim could not be brought by a prisoner for damages if the adjudication of the civil action in the plaintiff's favor would necessarily imply that his conviction or sentence was invalid unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. We will assume that the

exception of <u>Heck</u> extends to FTCA claims. <u>See, e.g.</u>, <u>Erlin v. United States</u>, 364 F.3d 1127, 1131–32 (9th Cir. 2004) (appling <u>Heck</u> to FTCA claims).

But we do not understand <u>Heck</u>'s rule to extend to a case like this one: where Plaintiff is not in custody and where Plaintiff's action -- even if decided in his favor -- in no way implies the invalidity of his conviction or of the sentence imposed by his conviction. For background, see <u>Spencer v. Kemna</u>, 118 S. Ct. 978, 988 (1998) (explaining that not every civil action by former prisoner for damages tied in some way to his incarceration involves <u>Heck</u>'s application). This case is one in which the alleged length of unlawful imprisonment -- 10 days -- is obviously of a duration that a petition for habeas relief could not have been filed and granted while Plaintiff was unlawfully in custody.[*]

The dismissal was made per Fed. R. Civ. P. 12(b) and, under its standards, the dismissal cannot stand. We vacate the dismissal and remand for further proceedings.

VACATED AND REMANDED.

---

[*]We say nothing about potential cases in which ample time was available, although the law might ultimately not turn on that circumstance.

ANDERSON, Circuit Judge, concurring specially:

I concur with the panel's judgment in this case. I write separately to make clear my understanding of the appropriate rationale on which to base this judgment. To the extent that the opinion for the court reflects the rationale I set out, I also concur in the opinion.

Morrow does not challenge the district court's determination that the <u>Heck</u> favorable termination requirement extends to FTCA claims; thus, I assume that it does. See <u>Erlin v. United States</u>, 364 F.3d 1127, 1131-1132 (9th Cir. 2004) (applying <u>Heck</u> favorable termination requirement to FTCA claim). I also assume, <u>arguendo</u>, but need not actually decide, that <u>Heck</u>'s favorable termination requirement generally applies to the type of claim brought by Morrow – a claim of false imprisonment based on the incorrect recording of his incarceration date, resulting in an allegedly illegal length of his term of confinement. See <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 78-82, 125 S. Ct. 1242, 1245-48 (2005) (describing situations in which <u>Heck</u> favorable termination requirement does or does not apply, stating that cases challenging the fact or duration of confinement or seeking to necessarily shorten the term of confinement are subject to <u>Heck</u>, but holding that the claims in that case were not subject to <u>Heck</u> because success on the inmates' claims would not "necessarily spell speedier release"); <u>Edwards v. Balisok</u>, 520

4

U.S. 641, 648, 117 S. Ct. 1584, 1589 (1997) (holding that claim dealing with deprivation of good-time credits was subject to Heck because success would "necessarily imply the invalidity of the punishment imposed").

Still, I agree with the panel that Heck does not extend this case. Drawing on Justice Souter's concurrence in Spencer v. Kemna, 523 U.S. 1, 18, 118 S. Ct. 978, 988 (1998) (Souter, J., concurring), several circuits have recognized an exception from the Heck favorable termination requirement for plaintiffs no longer in custody that were precluded from obtaining habeas relief. See, e.g., Powers v. Hamilton County Pub. Defender Comm'n, 501 F.3d 592, 603 (6th Cir. 2007) (finding favorable termination requirement did not foreclose claim of plaintiff no longer in custody because he could not have obtained habeas review during his one to thirty day incarceration); Nonnette v. Small, 316 F.3d 872, 878 (9th Cir. 2002) (permitting plaintiff that had timely pursued appropriate relief but was no longer in custody before relief was obtained to pursue § 1983 suit); Leather v. Eyck, 180 F.3d 420, 423-24 (2d Cir. 1999) (holding that Heck did not bar plaintiff's suit challenging validity of his conviction because he was never in custody and thus never had a habeas remedy); see also Harden v. Pataki, 320 F.3d 1289, 1298-99 (11th Cir. 2003) (stating that "because federal habeas corpus is not available to a person extradited in violation of his or her federally protected rights, . . . § 1983

5

must be"). Although other circuits have disagreed,[1] I believe the cases from the Second, Sixth, and Ninth Circuits[2] define a sensible application of the favorable termination requirement based on Justice Souter's concurrence in Spencer to plaintiffs that are no longer in custody and who, despite due diligence, could not have obtained habeas corpus relief.

In this case, Morrow is no longer in custody; thus, habeas review is currently unavailable to him. Morrow also alleges that he only learned of the Bureau's error two days before his release. Because dismissal was made under Fed. R. Civ. P. 12(b)(6), we must accept his allegation as true at this juncture. Accepting that allegation as true, even exercising due diligence, Morrow was precluded from obtaining meaningful review while in custody. Under those facts, I agree that his challenge would not be foreclosed by Heck's favorable termination requirement.

---

[1]     See Entzi v. Redmann, 485 F.3d 998, 1003 (8th Cir. 2007); Gilles v. Davis, 427 F.3d 197, 210 (3d Cir. 2005); Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000); Figueroa v. Rivera, 147 F.3d 77, 81 n.3 (1st Cir. 1998).

[2]     Cases in other circuits may be to the same effect. See Harden, 320 F.3d at 1298-99; Wilson v. Johnson, 535 F.3d 262, 265-68 (4th Cir. 2008).