ANDERSON, Circuit Judge,
concurring specially:
I concur with the panel’s judgment in this case. I write separately to make clear my understanding of the appropriate rationale on which to base this judgment. To the extent that the opinion for the court reflects the rationale I set out, I also concur in the opinion.
Morrow does not challenge the district court’s determination that the Heck favorable termination requirement extends to FTCA claims; thus, I assume that it does. See Erlin v. United States, 364 F.3d 1127, 1131-32 (9th Cir.2004) (applying Heck favorable termination requirement to FTCA claim). I also assume, arguendo, but need not actually decide, that Heck’s favorable termination requirement generally applies to the type of claim brought by Morrow — a claim of false imprisonment based on the incorrect recording of his incarceration date, resulting in an allegedly illegal length of his term of confinement. See Wilkinson v. Dotson, 544 U.S. 74, 78-82, 125 S.Ct. 1242, 1245-48, 161 L.Ed.2d 253 (2005) (describing situations in which Heck favorable termination requirement does or does not apply, stating that cases challenging the fact or duration of confinement or seeking to necessarily shorten the term of confinement are subject to Heck, but holding that the claims in that case were not subject to Heck because success on the inmates’ claims would not “necessarily spell speedier release”); Edwards v. Balisok, 520 U.S. 641, 648, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997) (holding that claim dealing with deprivation of good-time credits was subject to Heck because success would “necessarily imply the invalidity of the punishment imposed”).
Still, I agree with the panel that Heck does not extend this case. Drawing on Justice Souter’s concurrence in Spencer v. Kemna, 523 U.S. 1, 18, 118 S.Ct. 978, 988, 140 L.Ed.2d 43 (1998) (Souter, J., concurring), several circuits have recognized an exception from the Heck favorable termination requirement for plaintiffs no longer in custody that were precluded from obtaining habeas relief. See, e.g., Powers v. Hamilton County Pub. Defender Comm’n, 501 F.3d 592, 603 (6th Cir.2007) (finding favorable termination requirement did not foreclose claim of plaintiff no longer in custody because he eould not have obtained habeas review during his one to thirty day incarceration); Nonnette v. Small, 316 F.3d 872, 878 (9th Cir.2002) (permitting plaintiff that had timely pursued appropriate relief but was no longer in custody before relief was obtained to pursue § 1983 suit); Leather v. Eyck, 180 F.3d 420, 423-24 (2d Cir.1999) (holding that Heck did not bar plaintiffs suit challenging validity of his conviction because he was never in custody and thus never had a habeas remedy); see also Harden v. Pataki, 320 F.3d 1289, 1298-99 (11th Cir. 2003) (stating that “because federal habeas corpus is not available to a person extradited in violation of his or her federally protected rights, ... § 1983 must be”). Although other circuits have disagreed,[1] I believe the cases from the Second, Sixth, and Ninth Circuits[2] define a sensible application of the favorable termination re *1274 quirement based on Justice Souter’s concurrence in Spencer to plaintiffs that are no longer in custody and who, despite due diligence, could not have obtained habeas corpus relief.
In this case, Morrow is no longer in custody; thus, habeas review is currently unavailable to him. Morrow also alleges that he only learned of the Bureau’s error two days before his release. Because dismissal was made under Fed.R.Civ.P. 12(b)(6), we must accept his allegation as true at this juncture. Accepting that allegation as true, even exercising due diligence, Morrow was precluded from obtaining meaningful review while in custody. Under those facts, I agree that his challenge would not be foreclosed by Heck’s favorable termination requirement.

. See Entzi v. Redmann, 485 F.3d 998, 1003 (8th Cir.2007); Gilles v. Davis, 427 F.3d 197, 210 (3d Cir.2005); Randell v. Johnson, 227 F.3d 300, 301 (5th Cir.2000); Figueroa v. Rivera, 147 F.3d 77, 81 n. 3 (1st Cir. 1998).

. Cases in other circuits may be to the same effect. See Harden, 320 F.3d at 1298-99; Wilson v. Johnson, 535 F.3d 262, 265-68 (4th Cir.2008).