GLD-174                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1098
_____

DOMINIC JOSEPH ABBOTT,
                                        Appellant

v.

COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
ATTORNEY FOR COMMONWEALTH; ATTORNEY ROBERT E. STEWART;
CLERK CAROL MOSS; ALLEGHENY COUNTY LAWYER AND PUBLIC
DEFENDERS OFFICE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-10-cv-01285)
District Judge:  Honorable Donetta W. Ambrose
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 28, 2011
Before:  AMBRO, CHAGARES and GREENBERG, Circuit Judges

(Opinion filed: May 4, 2011)
_____

OPINION
_____

PER CURIAM

Pro se appellant Dominic Abbott, an inmate at SCI-Graterford, appeals the District

Court's order dismissing his complaint under 28 U.S.C. § 1915(e). We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). For the reasons detailed below, we will summarily affirm the District Court's judgment.

In a perfunctory complaint, Abbott alleged that the defendants (who will be treated collectively in this opinion) miscalculated his criminal sentence. More specifically, he claimed that the defendants improperly failed to credit the first 36 days that he served against his sentence. He asserted his claim under 42 U.S.C. § 1983, and requested money damages.

A magistrate judge recommended that the District Court dismiss the complaint. The magistrate judge concluded that, to the extent that Abbott sought damages, he could prosecute his § 1983 action only after showing that his sentence had been called into question, and to the extent that he sought an earlier release, the remedy was available only through habeas corpus proceedings. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Preiser v. Rodriguez, 411 U.S. 475, 487 (1973). The District Court approved and adopted the report and recommendation, and dismissed Abbott's complaint. Abbott then filed a timely notice of appeal.

We interpret Abbott's complaint to seek only money damages, and not an accelerated release from prison. We agree with the District Court that this claim is barred by Heck. Under Heck, as relevant here, a civil-rights plaintiff cannot recover damages for harm caused by actions that implicate the length of his confinement unless he can

2

prove that the erroneous calculation has been reversed, invalidated, or called into question by a grant of federal habeas corpus relief. See Heck, 512 U.S. at 486-87; see also Muhammad v. Close, 540 U.S. 749, 751 (2004) ("where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence"). Abbott challenges the duration of his confinement, but has not shown that his sentence has been reversed or questioned. His claim is therefore not cognizable under § 1983. See Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (challenge to parole board's decision barred by Heck); Erlin v. United States, 364 F.3d 1127, 1131 (9th Cir. 2004) (Heck applies to "claim for damages . . . for the miscalculation of [plaintiff's] required term of imprisonment under his valid sentences").[1]

We further discern no error in the District Court's conclusion that it would be futile to permit Abbott to amend his complaint. See Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). Abbott's claim fails as a matter of law, and he could not cure its deficiencies with further pleading.

We will thus summarily affirm the District Court's order dismissing Abbott's complaint. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[1] It appears that Abbott may have now served this sentence in full. Even assuming that this is true, the rule of Heck remains applicable. See Gilles v. Davis, 427 F.3d 197, 210-11 (3d Cir. 2005).

3