DLD-321                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1759
_____

GUILLERMO RUIZ,

Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-14-cv-02459)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 30, 2016
Before:  CHAGARES, GREENAWAY, JR. and GARTH[1], Circuit Judges

(Opinion filed: October 20, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[1] The Honorable Leonard I. Garth participated in the decision in this case, but died before
the opinion could be filed.  This opinion is filed by a quorum of the court.  28 U.S.C. § 46
and Third Circuit IOP 12.1(b).

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Appellant Guillermo Ruiz appeals from a district court order granting the Appellee's motion for summary judgment. Because we conclude that this appeal presents no substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4; I.O.P. 10.6.

I.

Ruiz, a prisoner at United States Penitentiary – Allenwood acting pro se, filed this action under the Federal Tort Claims Act ("FTCA") against the sole defendant United States of America. The Complaint stems from events that allegedly occurred while Ruiz was incarcerated at USP – Lewisburg. Ruiz alleged that prison officials had him removed from his cell in retaliation for refusing to "volunteer to accept a radical gang member" as a cellmate. Ruiz alleges that he was removed from his cell without incident and placed in unnecessary ambulatory restraints which were applied too tightly for a period of 48 hours.[2] Due to the tightness of the restraints, Ruiz purportedly suffered ankle and wrist lacerations and chest pain, had difficulty breathing, and fainted. Ruiz claimed that he was denied medical treatment and adequate food and water while in the restraints. Finally, Ruiz claimed that, upon his release from the restraints, prison officials placed him at risk of harm by forcing him to accept an HIV-positive inmate as his cellmate despite the fact that he still had open wounds.[3]

---

constitute binding precedent.

[2] Uncontroverted evidence revealed this period of time to be only 21 hours.

[3] Ruiz was issued an incident report for threatening bodily harm to another, which necessitated his placement into ambulatory restraints per BOP policy. He was found.

The defendant filed a Motion to Dismiss and for Summary Judgment, which the District Court construed as a Motion for Summary Judgment. The District Court granted the Motion for Summary Judgment on the grounds of (1) the discretionary function exception to the FTCA as to the cellmate claims, (2) the favorable termination rule as to the misconduct claim, and (3) the lack of a genuine issue of material fact as to the remaining negligence claims. Ruiz now appeals the District Court's order.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of orders granting motions for summary judgment is plenary. See McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005). We will summarily affirm the District Court's order granting summary judgment because Ruiz's appeal presents no substantial question. 3d Cir. LAR 27.4 and I.O.P. 10.6.

As an initial matter, the District Court correctly found that the discretionary function exception shielded the United States from liability based on Ruiz's cellmate-related claims. The FTCA does offer a limited waiver of the federal government's sovereign immunity as to the negligent acts of government employees acting within the scope of their employment. 28 U.S.C. §§ 2671-80. Thus, in certain circumstances, prisoners may invoke the FTCA to seek damages for injuries received while in confinement. United States v. Muniz, 374 U.S. 150, 153 (1963). However, the FTCA is subject to exceptions, such as the discretionary function exception, which provides that no liability shall lie for claims "based upon the exercise or performance or the failure to

3

exercise or perform a discretionary function or duty . . . whether or not the discretion involved be abused." See 28 U.S.C. § 2680(a). To determine whether the discretionary function exception to the waiver of immunity applies, a court must determine (1) whether the act involves an element of judgment or choice, rather than a course of action prescribed by a federal statute, regulation, or policy; and (2) even if the challenged conduct involves an element of judgment, whether that judgment is of the kind that the discretionary function exception was designed to shield. Mitchell v. United States, 225 F.3d 361, 363 (3d Cir. 2000) (citing United States v. Gaubert, 499 U.S. 315, 322–23 (1991)).

The Bureau of Prisons ("BOP") conduct at issue in this case – forcing Ruiz to accept a gang member as a cellmate and later assigning him a cellmate who was HIV-positive – is broadly governed by a federal statute which requires the BOP to provide for the "protection" and "safekeeping" of inmates in its care. See 18 U.S.C. § 4042(a)(2),(3). As the District Court aptly explained, however, this statute leaves the implementation of these duties to the discretion of BOP officials, thereby satisfying the first prong of the Mitchell analysis. See Cohen v. United States, 151 F.3d 1338, 1342 (11th Cir. 1998) (explaining that "even if § 4042 imposes on the BOP a general duty of care to safeguard prisoners, the BOP retains sufficient discretion in the means it may use to fulfill that duty to trigger the discretionary function exception").

As to the second prong of the Mitchell test, a judgment as to how best to protect one prisoner from fighting with another is necessarily one "of the kind that the

4

discretionary function exception was designed to shield." See Gaubert, 499 U.S. at 322-23; Bell v. Wolfish, 441 U.S. 520, 547-48 (1979) (holding that prison administrators should be afforded wide-ranging deference in implementing and executing policies because discretion is needed to preserve internal discipline and maintain institutional security). In sum, because both prongs of the Mitchell test are satisfied here, the District Court correctly determined that Ruiz's claims regarding cellmates were properly dismissed pursuant to the discretionary function exception to the FTCA.

Next, the District Court correctly concluded that Heck v. Humphrey, 512 U.S. 477, 487 (1994), precluded Ruiz's claim arising from being issued a misconduct, being found guilty of a disciplinary charge, and receiving sanctions including the loss of good conduct time. Under Heck's "favorable termination" rule, if the success of a civil rights damages suit "would necessarily imply the invalidity of his conviction or sentence, [a] plaintiff's claim is cognizable only if he can prove that his conviction or sentence was reversed, invalidated, or called into question by a grant of federal habeas corpus relief." Torres v. Fauver, 292 F.3d 141, 147 (3d Cir. 2002) (citing Heck, 512 U.S. at 486-87).[4] This principle applies in the context of Ruiz's FTCA claim because a judgment that his good conduct time has been miscalculated or improperly deducted would raise the same problems that led the Supreme Court to hold in Heck and Edwards that no constitutional civil rights cause of action accrued. See, e.g., Erlin v. United States, 364 F.3d 1127, 1133

_____

[4] Heck applies to internal prison proceedings "if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544

(9th Cir. 2004) (action under FTCA for negligently calculating prisoner's release date, or otherwise wrongfully imprisoning the prisoner, does not accrue until prisoner has established, in direct or collateral attack on his imprisonment, that he is entitled to release from custody). Because the duration of Ruiz's confinement has never been declared invalid, he has not satisfied Heck's favorable termination rule. The District Court, therefore, properly granted summary judgment.

The District Court also correctly granted summary judgment on Ruiz's claim that he was denied food and water while in ambulatory restraints. The United States submitted records at summary judgment that established that food and liquids were available and adequately consumed and that Ruiz suffered no "substantial deprivation" of food while he was restrained. Only a "substantial deprivation" of food is recognized as being of constitutional dimension. Cf. Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983) (allegations that petitioners were denied any food on 12 days, three of which were consecutive and that prison staff contaminated food were sufficient to defeat motion practice). In opposing summary judgment, Ruiz offered no conflicting evidence. Given the short duration of Ruiz's ambulatory restraints, his failure to provide any factual detail regarding his vague claim of denial of food and water and the undisputed evidence submitted by the United States that water and food were available to Ruiz during the period at issue, the District Court properly found the absence of any disputed material facts sufficient to defeat summary judgment.

---

U.S. 74, 81-82 (2005); see also Edwards v. Balisok, 520 U.S. 641, 646-47 (1997).

The District Court also aptly concluded that Ruiz similarly did not meet his burden regarding claims of inadequate medical care. A prison is required "to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence "deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. Ruiz contended that, due to the tightness of the restraints, he suffered ankle and wrist lacerations and chest pain, had difficulty breathing, and fainted, all without being provided adequate medical treatment. However, at summary judgment the United States submitted a videotape that showed that after he was placed in restraints, the prison's medical staff tended to Ruiz and monitored him on a regular basis. Written records confirmed that during those visits Ruiz voiced no complaints and he showed no signs of abnormality or injury.[5] Thus, because record evidence demonstrates that "basic medical

---

[5] These medical checks are also fatal to the potential negligent use of excessive force claim mentioned in passing in the Complaint. Ruiz could not, as required, show a causal connection between the alleged use of excessive force and an injury. During each of the health care checks, Ruiz's vitals were checked to ensure his well-being as provided under prison policy. As supported in the record, health services personnel visited Ruiz at least twice during an eight-hour shift to check his restraints. With the exception of Ruiz's initial complaint of not being able to breathe, which was addressed on the video during the application of the restraints, at no point during the health checks did Ruiz complain of chest pain, cuts and bleeding to wrists or ankles, or circulation restriction. Thus, the general standard of care, under the circumstances, was followed according to BOP policy. Ruiz has not established that the United States negligently engaged in excessive conduct "that deviated from the general standard of care expected under the circumstances, and that this deviation proximately caused actual harm." Martin v. Evans, 711 A.2d 458, 461 (Pa. 1998).

7

treatment" was provided, Ruiz has not adduced evidence to support a claim of deliberate indifference.  Accordingly, summary judgment is appropriate on this claim.

III.

For these reasons, we conclude that this appeal presents no substantial question. Accordingly, we will summarily affirm the District Court's order granting the defendants summary judgment on Ruiz's complaint.  <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.