NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES EDWARD BYRD, | No. 18-17338 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-02661-NVW-DMF |
| v. | |
| ROBERT MCKINNEY, Phoenix Police Department Officer #8046; TIMOTHY THIEBAUT, Phoenix Police Department Officer #8008, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| PHOENIX POLICE DEPARTMENT, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted December 11, 2019**

Before: WALLACE, CANBY, and TASHIMA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Charles Edward Byrd, an Arizona state prisoner, appeals pro se from the district court's order dismissing his 42 U.S.C. § 1983 action alleging a Fourth Amendment violation and use of excessive force. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Erlin v. United States*, 364 F.3d 1127, 1130 (9th Cir. 2004) (dismissal on the basis of the statute of limitations); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004) (dismissal under Fed. R. Civ. P. 12(b)(6)). We affirm.

The district court properly dismissed Byrd's action because it is barred by the applicable two-year statute of limitations. *See TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (statute of limitations for § 1983 claims in Arizona is two years); *see also Mills v. City of Covina*, 921 F.3d 1161, 1166 (9th Cir. 2019) (plaintiff had "complete and present causes of action" at the time of search and arrest, and claims accrued at that time); *Doe v. Roe*, 955 P.2d 951, 964 (Ariz. 1998) (unsound mind equitable tolling may not be established by "conclusory averments such as assertions that one was unable to manage daily affairs or understand legal rights and liabilities" but rather requires plaintiff to set forth "specific facts").

Byrd's motion for appointment of counsel is denied.

**AFFIRMED.**

18-17338