EDMONDSON, Circuit Judge:
In this case, a convicted felon who was imprisoned for his crime — but is now free — has brought a Federal Tort Claims Act (“FTCA”) action seeking damages for about ten days of allegedly unjustified incarceration beyond the end of his lawful sentence. He says this extra imprisonment results from a miscalculation by the Bureau of Prisons (“Bureau”) that flowed from the Bureau’s putting down the wrong date as the start date of his incarceration and says that he did not know of this error until two days before his release. Most important, Plaintiff does not attack his underlying conviction. And Plaintiff does not attack his sentence, that is, the term of incarceration ordered by the court when he was convicted. In his suit, he focuses on the period of supposedly wrongful confinement that he says was caused by a Bureau employee’s entering the incorrect start date.
The district court concluded that this action was barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Briefly stated, Heck decided that a 42 U.S.C. § 1983 civil rights claim could not be brought by a prisoner for damages if the adjudication of the civil action in the plaintiffs favor would necessarily imply that his conviction or sentence was invalid unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. We will assume that the exception of Heck extends to FTCA claims. See, e.g., Erlin v. United States, 364 F.3d 1127, 1131-32 (9th Cir. 2004) (applying Heck to FTCA claims).
But we do not understand Heck’s rule to extend to a case like this one: where Plaintiff is not in custody and where Plaintiffs action — even if decided in his favor— in no way implies the invalidity of his conviction or of the sentence imposed by his conviction. For background, see Spencer v. Kemna, 523 U.S. 1, 118 S.Ct. 978, 988, 140 L.Ed.2d 43 (1998) (explaining that not every civil action by former prisoner for damages tied in some way to his incarceration involves Heck’s application). This case is one in which the alleged length of unlawful imprisonment — 10 days — is obviously of a duration that a petition for habeas relief could not have been filed and granted while Plaintiff was unlawfully in custody.*
The dismissal was made per Fed. R.Civ.P. 12(b) and, under its standards, the dismissal cannot stand. We vacate the *1273 dismissal and remand for further proceedings.
VACATED AND REMANDED.

 We say nothing about potential cases in which ample time was available, although the law might ultimately not turn on that circumstance.