[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10665
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 22, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:07-cv-00419-RV-MD

KENNETH PATRICK QUINLAN,

 Plaintiff-Appellant,

versus

CITY OF PENSACOLA,
JOHN MATHIS, Chief of Police,
JOHN DOE, Public Safety Director,
DANA LISCO, Police Officer,
KEVIN CHRISTMAN, Police Officer, et al.,

 Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 22, 2011)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Kenneth Patrick Quinlan, a Florida state prisoner proceeding pro se, appeals following the entry of final judgment on his claims under 42 U.S.C. § 1983 and Florida law. Quinlan brought suit against the City of Pensacola ("City"), Pensacola Chief of Police John Mathis ("Chief Mathis"), and Police Officers Dana Lisco, Tom Lyter, James Gore, and Kevin Christman, alleging that violations of his constitutional rights occurred during an encounter with Officer Christman's K-9 unit following a traffic stop. On appeal, Quinlan argues that the district court erred by (1) exhibiting a pervasive bias against him at trial, (2) refusing to allow him to contest the existence of probable cause to execute the initial traffic stop, and (3) granting judgment as a matter of law in favor of the City and Chief Mathis.

## I.

We liberally construe pro se arguments on appeal. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). To determine if a district court judge gave the appearance of partiality or bias at trial, we review the judge's conduct during trial for abuse of discretion. *See United States v. Verbitskaya*, 406 F.3d 1324, 1337 (11th Cir. 2005). However, if not raised and preserved before the district court, we review a claim of perceived bias or partiality for plain error. *See United States v. Rodriguez*, 627 F.3d 1372, 1377-80 (11th Cir. 2010). "Plain error

occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting . . . substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005) (citation and quotation omitted).

Quinlan argues the district court judge exhibited a bias against him by (1) communicating ex parte with defense counsel about Quinlan's motion for the issuance of a subpoena decues tecum,[1] (2) denying his request for an order directing Chief Mathis to be present at trial, (3) refusing to give Quinlan extra time to review certain documents prior to trial, (4) telling the jury not to take notes because of the relative simplicity of the case, (5) instructing the jury about a disputed force report, (6) telling the jury that probable cause was not at issue during the trial, (7) disclosing Quinlan's criminal conviction while explaining why probable cause was not at issue, (8) interrupting Quinlan during witness examination and telling him to speed up, (9) raising the issue of punitive damages and asking defense counsel whether the defendants had moved for directed verdict on the claim for punitive damages, and (10) granting judgment as a matter of law

---

[1]According to Quinlan, the district court judge remarked that defense counsel had informed him ex parte that the defendants would not oppose Quinlan's subpoena duces tecum request.

in favor of the defendants.

"[R]ulings adverse to a party" do not constitute pervasive bias. *Hamm* v. *Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983) (citations omitted). Moreover, "[w]hile a trial judge . . . has a duty to conduct the trial carefully, patiently, and impartially, the judge has wide discretion in managing the proceedings." *United States v. Hawkins*, 661 F.2d 436, 450 (11th Cir. 1981) (citation and quotation omitted). To constitute reversible error, "a judge's remarks must demonstrate such pervasive bias and unfairness that they prejudice one of the parties." *Verbitskaya*, 406 F.3d at 1337 (citations omitted).

All of the alleged manifestations of pervasive bias either (1) amount to adverse rulings, (2) fall within the district court's "wide discretion in managing the proceedings," or (3) are otherwise insufficient to demonstrate "such pervasive bias and unfairness that they prejudice[d]" Quinlan. Accordingly, Quinlan has not shown that the district court exhibited a pervasive bias against him.

II.

Quinlan next argues the district court erred in refusing to allow him to contest the police officers' assertions that they had probable cause to execute the initial traffic stop. Following the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), this Court has made clear that a prisoner cannot bring a civil

rights claim for damages under § 1983 "if the adjudication of the civil action in the plaintiff's favor would necessarily imply that his conviction or sentence was invalid unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Morrow v. Fed. Bureau of Prisons*, 610 F.3d 1271, 1272 (11th Cir. 2010).

Quinlan argues the district court erred in applying *Heck* to his § 1983 claims because he never had the "opportunity to litigate issues of probable cause to stop his vehicle for felony fleeing and attempting to elude, speeding, nor felony battery on LEO K-9/horse." Quinlan concedes, however, that he pled *nolo contendere* to resisting an officer without violence, which requires a finding that the officer acted "in the lawful execution of any legal duty." Fla. Stat. § 843.02. Because a plea of *nolo contendere* constitutes a conviction under Florida law, Fla. Stat. § 960.291(3), a finding that the officers did not have probable cause would imply the invalidity of Quinlan's conviction for resisting an officer without violence. Accordingly, the district court did not err.

### III.

Although Quinlan does not explicitly identify any additional issues, his brief, construed liberally, raises two additional arguments. First, Quinlan argues the district court erred by granting judgment as a matter of law in favor the City

and Chief Mathis on his claim that they failed to train or supervise the police officers involved in the incident.[2]  A municipality is "liable under § 1983 when its employees cause a constitutional injury as a result of the municipality's policy – or custom-based failure to adequately supervise its employees." *Am. Fed'n of Labor and Congress of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1188 (11th Cir. 2011) (citation omitted).  But "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."[3] *Id.* (citation omitted).  Here, the district court did not err in granting judgment as a matter of law because Quinlan failed to show (1) the requisite causal link between any policy or custom-based failure and his alleged injuries, and (2) any "deliberate indifference" to his constitutional rights.

Second, Quinlan argues the district court erred by allowing the defendants to submit a fraudulent use of force report to the jury.  He fails to provide any support, however, for the claim that the report was actually fraudulent.

---

[2]  In isolated references distributed throughout his initial brief, Quinlan also notes his disagreement with virtually every other judgment as a matter of law issued by the district court.  Although Quinlan is a pro se litigant, his challenges to these judgments are deemed waived because he provided only passing references to them in his initial brief. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

[3]  The same "deliberate indifference" standard applies where a police chief is alleged to have failed to train or supervise subordinates. *Bruce v. Beary*, 498 F.3d 1232, 1248-49 (11th Cir. 2007).

Accordingly, the district court did not err.

**AFFIRMED.**