DLD-016                                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1747
_____

ERNEST PRIOVOLOS,
                                        Appellant

v.

FEDERAL BUREAU OF INVESTIGATION;
LABORATORY EMPLOYEES JOHN DOE 1 AND JOHN DOE 2
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-15-cv-00151)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 16, 2015
Before:  CHAGARES, GREENAWAY, JR. and SLOVITER, Circuit Judges

(Opinion filed November 9, 2015)
_____

OPINION[*]
_____

PER CURIAM

     Ernest Priovolos, proceeding pro se, appeals the dismissal of his lawsuit alleging

that FBI employees "intentionally and with reckless disregard for consequences falsified

laboratory reports by failing to exclude [him] as a contributor to the DNA evidence submitted in [his] criminal case." For the following reasons, we will summarily affirm in part, vacate in part, and remand for further proceedings.

We draw the following facts from Priovolos' complaint, accepting them as true in accordance with our standard of review. Priovolos was arrested in connection with the death of Cheryl Succa. While awaiting trial, Priovolos provided blood and hair samples to be used in comparison with similar samples that were recovered from Succa's clothing. In addition, Priovolos obtained a court order to test blood and hair samples from James Daniels, who the defense sought to portray as an alternate suspect. FBI reports concluded that the samples from Priovolos were inconclusive, but that Daniels could be eliminated as a source of the samples found on Succa's clothing. In 1990, a jury in the Montgomery County Court of Common Pleas found Priovolos guilty of third degree murder and related offenses. He was sentenced to an aggregate term of 12 to 27 years of imprisonment. His attempts to obtain post-conviction relief in state and federal court were unsuccessful.

In 2012, Priovolos hired a forensics expert, who, after reviewing the earlier FBI reports, concluded that Priovolos should have been excluded as a source of the samples recovered from Succa's clothing. Relying on the expert's report, Priovolos filed a complaint, identified as an action under the Federal Tort Claims Act (FTCA), 28 U.S.C.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

§ 2674, against the FBI and two of its laboratory employees. Priovolos alleged that the "falsified laboratory reports" resulted in infliction of emotional distress and false imprisonment. As relief, Priovolos sought appointment of counsel, the release of documents and FBI reports, a declaration that the defendants violated the FTCA, and compensatory and punitive damages. The United States District Court for the Eastern District of Pennsylvania sua sponte dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), holding that Priovolos failed to name the United States as a defendant, CNA v. United States, 535 F.3d 132, 138 n.2 (3d Cir. 2008), and that, in any event, Priovolos' claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994).[1] Priovolos appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's dismissal of Priovolos' complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

The only proper defendant in a suit pursuant to the FTCA is the United States. See CNA, 535 F.3d at 138 n.2. Because Priovolos' FTCA action named as defendants only the FBI and its employees, the District Court lacked jurisdiction. Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir. 1988) (stating that

---

[1] The District Court also noted that Priovolos is not entitled to punitive damages and injunctive relief under the FTCA. We agree with this conclusion, and will summarily affirm this portion of the District Court's judgment. See 28 U.S.C. §§ 2674 (prohibiting punitive damages); Estate of Trentadue ex rel. Aguilar v. United States, 397 F.3d 840, 863 (10th Cir. 2005) (recognizing that the FTCA does not authorize federal courts to issue declaratory judgments and injunctions against the United States).

federal courts have no FTCA jurisdiction over claims brought against federal agency or employee). We will not affirm the District Court's judgment on this basis, however, because this pleading defect can be remedied by the submission of an amended complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir. 2002) (holding that a complaint should be dismissed without granting leave to amend only if amendment would be inequitable or futile).

The FTCA provides a limited waiver of immunity for actions in tort against the United States for the actions or negligence of employees of the government. 28 U.S.C. § 2674; § 2675(a). The waiver of sovereign immunity in the FTCA does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights" except when the acts or omissions are by an investigative or law enforcement officer. 28 U.S.C. § 2680(h); Millbrook v. United States, 133 S. Ct. 1441, 1446 (2013) (holding that this exception to the § 2680(h) bar applies "regardless of whether the officers are engaged in investigative or law enforcement activity, or are executing a search, seizing evidence, or making an arrest"). Because Priovolos' claims arise out of alleged falsification of laboratory reports produced during a law enforcement investigation, they are not barred under § 2680(h).

The District Court held that Priovolos' claims are barred by Heck.[2] We have held that Heck requires District Courts to determine whether each claim – if successful – would imply the invalidity of the conviction or sentence. Gibson v. Superintendent, 411 F.3d 427, 447-49 (3d Cir. 2005) (holding that a determination whether Heck applies to a Fourth Amendment claim requires a case-by-case fact-based inquiry). Here, the District Court stated that "success on [Priovolos'] claims would necessarily imply the invalidity of his convictions and related imprisonment." But the present sparse record does not support this conclusion. As noted, Priovolos alleged that the falsification of FBI laboratory reports resulted in his false imprisonment and inflicted emotional distress. We have held that "claims for . . . false imprisonment are not the type of claims contemplated by the Court in Heck which necessarily implicate the validity of a conviction or sentence." Montgomery v. De Simone, 159 F.3d 120, 126 n.5 (3d Cir. 1998). In

---

[2] It appears that Priovolos is no longer serving his sentence for the murder conviction. See Priovolos v. Richwine, 2013 WL 1703581, at *1 (E.D. Pa. Apr. 19, 2013) (noting that Priovolos was arrested in 2011 for driving under the influence). We have held, however, that Heck's favorable termination rule applies even when the plaintiff is no longer in custody and cannot pursue habeas relief. Gilles v. Davis, 427 F.3d 197, 209-10 (3d Cir. 2005). In addition, we have not addressed in a precedential opinion whether Heck applies to FTCA actions. For purposes of this appeal, however, we will "assume that the exception of Heck extends to FTCA claims." Morrow v. Fed. Bureau of Prisons, 610 F.3d 1271, 1272 (11th Cir. 2010); see also Erlin v. United States, 364 F.3d 1127, 1133 (9th Cir. 2004) (holding that "a civil action under the Federal Tort Claims Act for negligently calculating a prisoner's release date, or otherwise wrongfully imprisoning the prisoner, does not accrue until the prisoner has established, in a direct or collateral attack on his imprisonment, that he is entitled to release from custody."); Parris v. United States, 45 F.3d 383, 384-85 (10th Cir. 1995) (holding that Heck applies to actions brought under the FTCA).

5

addition, it is unclear what role, if any, the laboratory reports played in Priovolos' trial or what evidence was used to establish his guilt.  See Hughes v. Lott, 350 F.3d 1157, 1161 (11th Cir. 2003) (holding that because the "circumstances surrounding Hughes's convictions for burglary and receipt of stolen property are unknown from the record[,] . . . [i]t was impossible . . . for the district court to determine that a successful § 1983 action for unreasonable search and seizure necessarily implied the invalidity of those convictions).

Therefore, the District Court erred in finding at this stage of the proceedings that Priovolos' claims are barred under Heck.  Accordingly, we will vacate the District Court's order in part and remand for further proceedings consistent with this opinion.[3]

---

[3] We express no opinion on whether Priovolos' claims are actually barred by Heck, nor do we otherwise assess whether the claims may be subject to potential affirmative defenses or to dismissal for other reasons.  Under these circumstances, the District Court may wish to permit Priovolos to amend his complaint and consider whether service of the complaint on the defendants is appropriate.