**Kevin Darnell JONES, Plaintiff–Appellant,**

v.

**Major K. BEASLEY, F.C.J., Deputy Warden of Care and Treatment–Coastal State Prison, (C.S.P.), Parole Interviewer C.S.P., Probation Intake Officer, (all to be named and identified), Defendants–Appellees.**

No. 15–13055
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

March 8, 2016.

Kevin Darnell Jones, Atlanta, GA, pro se.

Fulton County DC Warden, Atlanta, GA, for Plaintiff–Appellant,

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Kevin Jones, proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his due process violation claim under 42 U.S.C. § 1983. For the reasons which follow, we reverse and remand.

I

In his *pro se* complaint filed with the district court, Mr. Jones alleged that in 2012 Judge Lovett, a Georgia state trial judge, sentenced him to a term of probation. In June 2013, he was arrested on a new charge. A different judge, Judge Russell, imposed a new term of probation and terminated Judge Lovett's probationary term. Judge Russell's probationary term for the 2013 offense included six months at a sober living program in East Point Georgia, but the order included a "come back" notice. This "come back" notice required that Mr. Jones report to probation on January 22, 2014, if he was not in the sober living program, or that he report to probation within 48 hours of being placed in the sober living program. Mr. Jones contends that the "come back" notice inferred release if the sober living program was closed. Mr. Jones' original transport order to the sober living program expired before he was transferred, and Mr. Jones' attorney had to obtain a new transport order for January 20, 2014.

On January 20, 2014, Mr. Jones was processed out of jail and turned over to Sergeant King of the F.C.J. transport division. At this time Mr. Jones was provided with proof of incarceration and release. According to Mr. Jones' complaint, during transport to the sober living program prison officials learned that the program had closed. Major K. Beasley told those offi-

cials to return Mr. Jones to the jail, despite Mr. Jones' protests and the "come back" notice. The officials returned Mr. Jones to the jail, but did not book him.

On January 21, 2014, Mr. Jones informed the probation intake unit about the situation. At the time the inmate database listed Mr. Jones as "released." On January 28, 2014, Mr. Jones was transferred to Coastal State Prison on a 13–month revocation sentence that was part of the originally imposed sentence by Judge Lovett in 2012. This occurred without either a hearing or a waiver of a hearing. Within the next 10–14 days, Mr. Jones explained the situation to the orientation counselor, the deputy warden of care and treatment, and his initial parole interviewer. However, none of these officials helped.

Mr. Jones filed a habeas petition in the state court and, on March 2, 2014, Judge Russell ordered Mr. Jones' immediate release. Mr. Jones was not released for nine more days, however, and Judge Russell had to follow up and threaten to retrieve Mr. Jones personally.

Mr. Jones then filed a claim under 42 U.S.C. § 1983, claiming a violation of his Fourteenth Amendment due process liberty rights for the extended time he was held incarcerated beyond his sentence and Judge Russell's court order.

## II

On appeal, Mr. Jones argues that the district court erred when it dismissed his complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A. The district court gave one reason, and one reason only, for dismissal, and that was the complaint was barred under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because Mr. Jones failed to show that his conviction or sentence had been reversed or invalidated.

## A

We review *de novo* a district court's *sua sponte* dismissal for failure to state a claim under § 1915A. *See Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). To avoid dismissal, the complaint must state a claim for relief that is facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The complaint here is viewed in the light most favorable to Mr. Jones, and his well-pleaded facts are accepted as true. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir.2007). We will, moreover, liberally construe Mr. Jones' *pro se* pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). False imprisonment is a violation of the Fourteenth Amendment and a viable claim under § 1983. *See Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir.1996). A § 1983 claim for false imprisonment requires a showing of (1) the common law elements of false imprisonment, and (2) a Fourteenth Amendment due process violation. *See Campbell v. Johnson*, 586 F.3d 835, 840 (11th Cir.2009). Under common law, false imprisonment requires an intent to confine, an act resulting in confinement, and the victim's awareness of the confinement. *Id.* A due process violation ensues from the continued detention of a person after it was or should have been known that the detainee was entitled to release. *Id.* A plaintiff must also show that the defendants acted with deliberate indifference,

which requires proving that the defendants subjectively knew of a risk of serious harm, and disregarded that risk by actions that constitute more than mere negligence. *Id.*

A § 1983 claim is barred by *Heck* and cannot "be brought by a prisoner for damages if the adjudication of the civil action in the plaintiff's favor would necessarily imply that his conviction or sentence was invalid unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Morrow v. Federal Bureau of Prisons,* 610 F.3d 1271, 1272 (11th Cir.2010). To demonstrate invalidation, a plaintiff must show that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364. But *Heck* applies only if a prisoner's § 1983 claim would necessarily affect the fact or duration of his confinement and the prisoner seeks either immediate release or a shortening of his confinement. *See Wilkinson v. Dotson,* 544 U.S. 74, 81–82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005); *Muhammad v. Close,* 540 U.S. 749, 754, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004). "[A]s long as it is possible that a § 1983 suit would not negate the underlying conviction, then the suit is not *Heck*-bared." *Dyer v. Lee,* 488 F.3d 876, 879–80 (11th Cir.2007).

### B

In Georgia, a prisoner may inquire about the legality of his imprisonment through a writ of habeas corpus. *See* O.C.G.A. § 9–14–1. If the examining judge determines that imprisonment or restraint is illegal, he or she will grant the writ, requiring the prisoner to be released. *See* O.C.G.A. § 9–14–5.

Because we accept the well-pleaded facts as true, and view them in the light most favorable to Mr. Jones, we find that the complaint sufficiently alleges that his term of imprisonment was invalidated with the successful granting of a habeas corpus petition by Judge Russell. *See Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364. Therefore, even if Mr. Jones' claim is decided in his favor, his allegations do not improperly call into question the validity of his conviction or sentence. *See Wilkinson,* 544 U.S. at 81–82, 125 S.Ct. 1242. *See also Morrow,* 610 F.3d at 1272 (holding that a prisoner's claim under the FTCA based on being imprisoned for an extra ten days did not call into question the conviction or sentence and was not barred by *Heck* ). At the very least, Mr. Jones sufficiently alleged that he was intentionally held, without legal authority, between March 2, 2014—when habeas corpus was granted—and March 11, 2014. Because he was fully aware of his confinement, Mr. Jones sufficiently pled a constitutional claim for false imprisonment. *See Campbell,* 586 F.3d at 840.

### III

Based on what is set forth in the complaint, Mr. Jones has sufficiently alleged a due process violation under § 1983 that is not barred by *Heck.* The district court's *sua sponte* dismissal for failure to state a claim was erroneous, and we reverse and remand for further proceedings consistent with this opinion.

**REVERSED and REMANDED.**