**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3148
_____

ERNEST PRIOVOLOS,
                              Appellant

v.

FEDERAL BUREAU OF INVESTIGATION;
LABORATORY EMPLOYEES JOHN DOE 1 AND JOHN DOE 2;
UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 15-cv-00151)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 23, 2016
Before:  GREENAWAY, JR., GREENBERG and ROTH, Circuit Judges

(Opinion filed: April 13, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Ernest Priovolos, proceeding pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania granting the United States' motion to dismiss, or in the alternative for summary judgment, in an action brought under the Federal Tort Claims Act (FTCA). 28 U.S.C. § 2674. For the following reasons, we will affirm.

In 1990, a jury in the Montgomery County Court of Common Pleas found Priovolos guilty of third degree murder and related offenses. He was sentenced to an aggregate term of 12 to 27 years of imprisonment. His attempts to obtain post-conviction relief in state and federal court were unsuccessful. In 2012, Priovolos hired a forensics expert, who, after reviewing FBI laboratory reports that were prepared prior to trial, concluded that Priovolos should have been excluded as a source of blood and hair samples recovered from the victim's clothing.

Relying on the expert's report, Priovolos filed a complaint under the FTCA against the FBI and two of its laboratory employees. Priovolos alleged that the "falsified laboratory reports" resulted in infliction of emotional distress and false imprisonment. The District Court sua sponte dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Priovolos appealed, and we affirmed in part and vacated in part. Priovolos v. FBI, 632 F. App'x 58 (3d Cir. 2015). In particular, we held that the FBI and its employees were not proper defendants, and that Priovolos was not entitled to punitive damages and injunctive relief under the FTCA. Id. at 59 n.1. But we concluded that Priovolos could remedy the jurisdictional defect caused by failing to name the United

States as a defendant, and that the District Court erred in concluding that the false imprisonment claim was barred by Heck v. Humphrey, 512 U.S. 477 (1994). Id. at 60-61.

On remand, Priovolos filed an amended complaint naming the United States as a defendant. After being served with the amended complaint, the United States filed a motion to dismiss, or in the alternative for summary judgment, arguing, inter alia, that the District Court lacked subject matter jurisdiction because Priovolos failed to submit an administrative tort claim to the FBI. The District Court agreed, stating that "it is apparent from the record that [Priovolos] did not exhaust appropriate administrative remedies and as such, is now barred from pursuing claims against the United States under the FTCA." Priovolos v. United States, 2016 WL 3551501, at *5 (E.D. Pa. June 30, 2016) (not precedential). Priovolos appealed.[1]

The FTCA is the exclusive remedy against the United States for certain negligent or wrongful acts of federal employees acting within the scope of their employment. See 28 U.S.C. § 2679(b)(1); Aliota v. Graham, 984 F.2d 1350, 1355 (3d Cir. 1993). The FTCA "operates as a limited waiver" of the sovereign immunity of the United States and should be "strictly construed." White-Squire, 592 F.3d at 456 (citations omitted). Federal courts cannot assume jurisdiction over FTCA claims until the plaintiff has first

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. "When reviewing an order dismissing a claim for lack of subject matter jurisdiction, we exercise plenary review over legal conclusions and review findings of fact for clear error." White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010).

presented his claim to the appropriate federal agency and the claim has been denied. 28 U.S.C. § 2675(a); White-Squire, 592 F.3d at 457. This exhaustion requirement "is jurisdictional and cannot be waived." Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003) (citation omitted).

Priovolos' amended complaint did not allege that he presented his claims to the FBI. In addition, according to a sworn declaration from an FBI official who searched the records system where all administrative claims submitted to the FBI are indexed, Priovolos did not file any claim pertaining to the allegations in his complaint. See Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977) (stating that in evaluating a Rule 12(b)(1) motion that presents a factual challenge to subject matter jurisdiction, the District Court is entitled to consider evidence outside the complaint). Therefore, under the FTCA, the District Court lacked jurisdiction over his federal tort claim. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). In his response to the motion to dismiss, Priovolos indicated that he submitted an "administrative request for relief" to the FBI after filing his amended complaint. But the subsequent filing and denial of a claim after suit has been commenced does not overcome the failure to exhaust administrative remedies and premature filing of the complaint. See id. at 111-12. Thus, Priovolos failed to exhaust administrative remedies as required by the FTCA, and the District Court did not have subject matter jurisdiction over his claims.

4

For the foregoing reasons, we will affirm the District Court's judgment.