[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10564
Non-Argument Calendar

_____

D.C. Docket No. 9:18-cv-81260-WPD

JOHN A. TOTH,

Plaintiff-Appellant,

versus

PETER ANTONACCI,
In individual and official capacity, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 7, 2019)

Before WILLIAM PRYOR, MARTIN, and GRANT, Circuit Judges.

PER CURIAM:

John Toth, a Florida prisoner proceeding <u>pro se</u>, appeals the <u>sua sponte</u> dismissal of his amended complaint under 42 U.S.C. § 1983 alleging violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, various Florida statutes, and the Florida Constitution.  We agree with the district court that Toth's amended complaint is an impermissible shotgun pleading that must be dismissed for failure to comply with Federal Rules of Civil Procedure 8 and 10.  As a result, we affirm the district court's dismissal with prejudice of Toth's federal claims and remand with instructions to dismiss his state claims without prejudice.

## I.

In his amended complaint,[1] Toth asserts that the defendants—a group that includes the judge who presided over his state criminal case, two assistant state attorneys in Palm Beach County, five deputies in the Palm Beach County Sheriff's Office, a Palm Beach County fire investigator, and Toth's criminal defense attorney—acted "alone or in combination" with each other to violate his rights in the course of Toth's state prosecution for burglary, arson, and obstructing the extinguishment of a fire.  Although he does not separate his amended complaint by defendant or cause of action, Toth seems to allege: (1) the deputies covered up

---

[1] The magistrate judge struck Toth's original complaint for failure to comply with Rules 8 and 10 and ordered him to file an amended complaint with "a short and plain statement of a claim, a basis for federal jurisdiction, and a demand for judgment."

2

exculpatory evidence and coerced Toth into making a self-incriminating statement, which was then used to "deceive" a magistrate judge into issuing a warrant for Toth's arrest; (2) the fire investigator "fraudulently concealed" an evidentiary report; (3) Toth's attorney took only four depositions, negotiated—and then possibly retracted—a plea deal without Toth's knowledge, and failed to move to suppress evidence despite Toth's urging; and (4) the judge knew, or should have known, about the unconstitutional actions of the other defendants.  Toth seeks $855,000 in damages.

A month after Toth filed his amended complaint, the magistrate judge assigned to the case issued a report and recommendation ("R&R") recommending the district court dismiss Toth's case with prejudice.  The magistrate judge stated that his review of the complaint was based on 28 U.S.C. §§ 1915 and 1915A, which together instruct the district court to conduct an initial screening of all complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  § 1915A(a); see § 1915(e)(2)(B). The magistrate judge first recommended dismissal of the amended complaint as a "quintessential shotgun pleading" in that it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."  Although the magistrate judge said the amended complaint was "subject to dismissal on that basis alone," he proceeded to analyze Toth's federal claims on the merits pursuant

3

to § 1915(e)(2)(B) and found they failed as a matter of law.  The magistrate judge also found, in the alternative, that Toth's claims against the deputies were barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), which prevents prisoners from asserting claims under § 1983 "if the adjudication of the civil action in the plaintiff's favor would necessarily imply that his conviction or sentence was invalid unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  Morrow v. Fed. Bureau of Prisons, 610 F.3d 1271, 1272 (11th Cir. 2010) (discussing Heck, 512 U.S. 477, 114 S. Ct. 2364).  Toth objected to the R&R and, following de novo review, the district court adopted the R&R in whole.

## II.

We review a district court's dismissal of a complaint on grounds of shotgun pleading for an abuse of discretion.  Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1294 (11th Cir. 2018); see Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358 (11th Cir. 2018).  Although we hold pro se pleadings to a less stringent standard than pleadings drafted by attorneys, we may not "rewrite an otherwise deficient pleading in order to sustain an action."  Campbell v. Air Jam. Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation marks omitted); see Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018) (per curiam) (unpublished).

## III.

A so-called "shotgun pleading" is a complaint that violates Federal Rules of Civil Procedure 8(a)(2) or 10(b), or both.  Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015).  Although we have sometimes used "shotgun pleading" to refer to any "poorly drafted complaint," we have recently set forth some guardrails that cabin our ability to dismiss complaints on these grounds.  See id. at 1321–23 (setting forth the four types of shotgun pleadings).  Shotgun pleadings violate Rule 8(a)(2)'s "short and plain statement" requirement by failing "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  Vibe Micro, 878 F.3d at 1294–95 (citing Weiland, 792 F.3d at 1323).  In addition, they typically run afoul of Rule 10(b)'s requirement that allegations should be set forth in numbered paragraphs and discrete claims should be separated by count.  See Weiland, 792 F.3d at 1320.  The district court's "inherent authority to control its docket and ensure the prompt resolution of lawsuits . . . includes the ability to dismiss a complaint on shotgun pleading grounds."  Vibe Micro, 878 F.3d at 1295 (quotation marks omitted).  "In the special circumstance of non-merits dismissals on shotgun pleading grounds, we have required district courts to sua sponte allow a litigant one chance to remedy such deficiencies."  Id.

5

We agree with the district court that Toth's amended complaint is an impermissible shotgun pleading. The amended complaint combines two of our categories of shotgun pleadings: it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; and it does not separate "each cause of action or claim for relief" into a different count. See Weiland, 792 F.3d at 1322–23. Although the amended complaint enumerates the legal rights of which Toth was allegedly deprived and which principles each defendant allegedly violated, it does not separate his claims by cause of action, draw any clear lines between the legal and factual bases for his claims, or set forth the elements of any of his claims. Given these numerous problems, we agree the defendants "could not reasonably be expected to frame a responsive pleading." Jackson, 898 F.3d at 1358. The complaint thus warrants dismissal.

We will also not give Toth another chance to amend his complaint. At the time the district court dismissed his amended complaint, Toth was on notice that his pleadings were infirm. The magistrate judge struck Toth's original complaint for failure to comply with Rules 8 and 10 but, as required under our precedent, gave Toth leave to replead. See Vibe Micro, 878 F.3d at 1295 (stating that, upon striking shotgun pleading, the district court must "instruct counsel to replead the case" (quotation marks omitted)); see also Walters v. Sec'y, Fla. Dep't of Corr., 743 F. App'x 401, 402 (11th Cir. 2018) (per curiam) (unpublished) (remanding

6

case so pro se plaintiff could replead). The magistrate judge instructed Toth to "separate all claims based upon differing sets of circumstances" and "provid[e] a short and plain statement of [his] claim[s]" in an amended complaint. The magistrate judge also gave Toth a form § 1983 complaint and instructed him to use it. While Toth's amended complaint is considerably shorter than his original complaint, he did not follow any of the magistrate judge's instructions. Toth's "halfhearted[]" attempt to cure the defects in his original complaint is not enough to bring him into compliance with Rules 8 and 10. See Jackson, 898 F.3d at 1358–59. The district court did not abuse its discretion in dismissing his amended complaint.

Toth's appeal does not challenge the dismissal of his complaint on shotgun pleading grounds. Instead, his appellate brief rehashes his merits arguments in the form of five questions to our court. Because we agree it was proper for the district court to dismiss Toth's amended complaint on shotgun pleading grounds, we need not reach any of the merits issues in this case.

**IV.**

When all federal claims are dismissed before trial, a district court should typically dismiss the pendent state claims as well. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139 (1966). "Although it is possible for the district court to continue to exercise supplemental jurisdiction over

these [pendent] claims, if the district court instead chooses to dismiss the state law claims, it usually should do so without prejudice as to refiling in state court." Vibe Micro, 878 F.3d at 1296 (citation omitted).

The district court's dismissal of Toth's amended complaint did not analyze the merits of Toth's claims under Florida statutory or constitutional law.[2] Nevertheless, the district court dismissed Toth's entire complaint with prejudice. In such a circumstance, we have found it necessary to have the district court clarify, to the extent an impermissible shotgun pleading contains state claims that were not subject to merits analysis, "the dismissal should have been without prejudice as to refiling in state court." Id. at 1296–97. This clarification is needed here.

## V.

For the foregoing reasons, we affirm the district court's dismissal of Toth's amended complaint for failure to comply with Rules 8 and 10. We affirm the dismissal with prejudice of Toth's claims arising under federal law. We remand the case to the district court for the limited purpose of clarifying that the dismissal of his state claims is without prejudice as to refiling in state court.

**AFFIRMED IN PART, REMANDED IN PART.**

---

[2] Although the magistrate judge's R&R contains a section entitled "State Claims of False Arrest/Malicious Prosecution," this section only reaches Toth's federal claims under § 1983.